KIRKLAND & ELLIS LLP
Paul F. Brinkman, P.C. (*pro hac vice* to be filed)
Edward C. Donovan, P.C. (*pro hac vice* to be filed)
F. Christopher Mizzo, P.C. (*pro hac vice* to be filed)
Nathan S. Mammen (*pro hac vice* to be filed)
Craig T. Murray (*pro hac vice* to be filed)
655 Fifteenth Street, N.W.
Washington, D.C. 20005
Telephone: (202) 879-5000
Facsimile: (202) 829-5200
paul.brinkman@kirkland.com
edonovan@kirkland.com
chris.mizzo@kirkland.com
nmammen@kirkland.com
craig.murray@kirkland.com

KIRKLAND & ELLIS LLP
Gregory S. Arovas (*pro hac vice* pending)
601 Lexington Avenue
New York, NY 10022
Telephone: (212) 446-4800
Facsimile:  (212) 446-4900
greg.arovas@kirkland.com

KIRKLAND & ELLIS LLP
Lien Dang (SBN 254221)
3330 Hillview Avenue
Palo Alto, CA 94304
Telephone: (650) 859-7016
Facsimile:  (650) 859-7500
lien.dang@kirkland.com

*Attorneys for Plaintiffs*
SAMSUNG SEMICONDUCTOR, INC.,
SAMSUNG ELECTRONICS CO., LTD., AND
SAMSUNG ELECTRONICS AMERICA, INC.

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| SAMSUNG SEMICONDUCTOR, INC., SAMSUNG ELECTRONICS CO., LTD., AND SAMSUNG ELECTRONICS AMERICA, INC., <br><br> Plaintiffs, <br><br> v. <br><br> BiTMICRO, LLC and BiTMICRO NETWORKS, INC., <br><br> Defendants. | Case No. 5:18-cv-3502 <br><br> **COMPLAINT FOR DECLARATORY JUDGMENT OF NON-INFRINGEMENT** <br><br> **DEMAND FOR JURY TRIAL** |

Plaintiffs Samsung Electronics Co., Ltd., Samsung Semiconductor, Inc., and Samsung Electronics America, Inc. (collectively, "Samsung"), for its Complaint against Defendants BiTMICRO, LLC ("BiTMICRO") and BiTMICRO Networks, Inc. ("BNI") seeking declaratory judgment of non-infringement as to the following patents owned by BiTMICRO: U.S. Patent Nos. 6,529,416 (the "'416 Patent"); 7,826,243 (the "'243 Patent"); 8,093,103 (the "'103 Patent"); 9,135,190 (the "'190 Patent") (collectively, the "Patents-in-Suit"), hereby alleges as follows:

## NATURE OF THE ACTION

1. This is an action arising under the patent laws of the United States, 35 U.S.C. § 1 et. seq. and the Declaratory Judgment Act, 28 U.S.C. §§ 2201-2202, seeking a declaratory judgment of non-infringement of the Patents-in-Suit and for such other relief as the Court deems just and proper.

2. Samsung requests this declaratory judgment because BiTMICRO, working with its part-owner and licensee BNI, asserts at the United States International Trade Commission ("ITC") in *Certain Solid State Storage Drives, Stacked Electronics Components, and Products Containing Same*, 337-TA-1097 (ITC) that Samsung and some of its customers import, sell for importation, and/or sell within the United States after importation certain solid state storage drives, stacked electronics components, and products containing the same (collectively, "the Accused Products") that allegedly infringe one or more claims of the '416 Patent, '103 Patent, '243 Patent, and '190 Patent. Specifically, on December 21, 2017, BiTMICRO filed a Complaint under 19 U.S.C. § 1337 at the ITC, a true and correct copy of the public version of which is attached hereto as Exhibit A (without exhibits). On January 8, 2018 BiTMICRO filed an Amended Complaint, a true and correct copy of the public version of which is attached hereto as Exhibit B (without exhibits) (collectively, "ITC Complaint").

3. An actual and justiciable controversy therefore exists between Samsung, on the one hand, and BiTMICRO and BNI, on the other, concerning the asserted '416 Patent, '103 Patent, '243 Patent, and '190 Patent under 28 U.S.C. §§ 2201-2202 and as to whether Samsung's Accused Products infringe the '416 Patent, '103 Patent, '243 Patent, and '190 Patent.

**THE PARTIES**

4. Plaintiff Samsung Electronics Co., Ltd. ("SEC") is a corporation organized and existing under the laws of South Korea with a principal place of business at 129 Samsung-ro, Maetan-3dong, Yeongtong-gu Suwon-si, Gyeonggi-do 16677.

5. Plaintiff Samsung Electronics America, Inc. ("SEA") is a New York corporation with its principal place of business located at 85 Challenger Road, Ridgefield Park, New Jersey 07660. SEA is a wholly-owned subsidiary of SEC.

6. Plaintiff Samsung Semiconductor, Inc. ("SSI") is a California corporation and has a principal place of business at 3655 North First Street, San Jose, California 95134. SSI is a wholly owned subsidiary of SEA.

7. Samsung designs, develops, manufactures, and supplies leading consumer electronics, including semiconductor memory chips and products containing such chips, among other products. Two types of memory chips developed and manufactured by Samsung are dynamic random-access memory (DRAM) and flash memory. Various devices, such as computers, smartphones, and tablets, incorporate some of these memories.

8. Samsung manufactures the Accused Products and sells them in the United States. BiTMICRO has alleged at the ITC that Samsung's importation, sale for importation, and/or sale after importation in the United States of the Accused Products infringes the Patents-in-Suit. BiTMICRO has further alleged that certain Samsung customers' use, incorporation into other products, and/or sale of the Accused Products in the United States infringes the '416, '243, and '190 Patents.

9. On information and belief, Defendant BiTMICRO is a Delaware Corporation, located at 11921 Freedom Drive, Suite 550, Reston, Virginia 20190. BiTMICRO is co-owned by BNI. BiTMICRO claims to be the owner of the '416 Patent, '103 Patent, '243 Patent, and '190 Patent.

10. On information and belief, Defendant BiTMICRO Networks, Inc. is a California corporation with its principal place of business in this District at 47929 Fremont Blvd., Fremont, California 94538. BNI was the previous owner of the '416 Patent, '103 Patent, '243 Patent, and '190 Patent, and claims to be a current licensee to those same patents. BNI is a co-owner of BiTMICRO.

11. Upon information and belief, BNI conducts business activities in this judicial district.

**JURISDICTION AND VENUE**

12. This Court has subject matter jurisdiction over this action pursuant to federal question jurisdiction, 28 U.S.C. §§ 1331 and 1338(a), the Declaratory Judgment Act, 28 U.S.C. §§ 2201-2202, and the Patent Laws of the United States, 35 U.S.C. § 1 et seq.

13. An actual and justiciable controversy exists between Samsung and Defendants as to the alleged infringement of the Patents-in-Suit.

14. This Court has subject matter jurisdiction over this action based on a real and immediate controversy between Samsung and Defendants regarding whether various Samsung Accused Products infringe the Patents-in-Suit. As described in more detail below, this controversy arises out of Defendants' infringement assertions against Samsung and some of its customers.

15. Based on the facts and causes alleged herein, this Court has personal jurisdiction over BiTMICRO and BNI. On information and belief, BNI is a California Corporation and much of BNI's activities take place in this District at its Fremont, California headquarters. Exhibit A ¶ 72. On information and belief, BNI set up BiTMICRO as a patent assertion entity for its patents. BNI is a co-owner of BiTMICRO. BiTMICRO does not sell products or provide services. BNI is the immediate predecessor-in-interest to the Patents-in-Suit. BiTMICRO was formed in June 2017 and, in July 2017, BNI allegedly sold the Patents-in-Suit to BiTMICRO and was granted back a license to make, have made, use, import, offer for sale and sell products covered by each Patent-in-Suit. *Id*. ¶ 65.

16. BiTMICRO's enforcement activities have been against California based companies including SSI and SK hynix America Inc. To pursue these activities, BiTMICRO has relied upon the activities of its licensee and co-owner, California corporation BNI in allegedly practicing the patents in California, in an attempt to satisfy the ITC's domestic industry requirements. On information and belief, most if not all of holding company BiTMICRO's management are California residents. The Administrative Law Judge's Initial Determination addressing domestic industry, a true and correct copy of the public version of which is attached hereto as Exhibit C, notes that BiTMICRO's only fact witnesses at the ITC hearing were two BNI employees, President and General Counsel Mr. Uriarte and acting Chief

Financial Officer Mr. Larry Rosolowski. Exhibit C at 3. Those BNI employees, examined by BiTMICRO's counsel at the hearing, testified as to alleged activities occurring at BNI's Fremont, California facility. *Id*. at 7. Moreover, one of those BNI witnesses, Mr. Rosolowski, was a consultant hired by BiTMICRO's counsel specifically for the purpose of asserting the Patents-in-Suit. *Id*. at 10-11 n.8. And the other witness, as "a BNI executive, has a strong financial interest" in BiTMICRO's assertion of the Patents-in-Suit. *Id*. at 23 n.18.

17. Without limitation, this Court has personal jurisdiction over BiTMICRO and BNI by virtue of BiTMICRO's and BNI's purposeful contacts with this district, including BNI's transaction of business and alleged patent-related operations within this district, such that BiTMICRO and BNI could have reasonably expected to be called into Court in this district; and by virtue of BiTMICRO's and BNI's attempts to enforce the Patents-in-Suit against SK hynix America Inc., Samsung Semiconductor, Inc., HP Inc., ASUS Computer International, and Acer America Corp., all of which are entities having a principal place of business in the Northern District of California.

18. Venue is proper in this Court under 28 U.S.C. § 1391. Without limitation and based on the facts alleged herein, venue is proper in this Court because a substantial part of the events giving rise to the claims presented in this Complaint occurred in this district; BNI is incorporated in California and has its principal place of business in this District; and because BiTMICRO is subject to personal jurisdiction in this judicial district.

19. Further, and in the alternative, venue is proper in this Court under 28 U.S.C. § 1400. BNI is incorporated in California and has its principal place of business in this District. Upon information and belief, BNI and BiTMICRO are agents of each other, and have acted in concert with one another, with respect to the assertion of the Patents-in-Suit. For instance, and without limitation, BNI assigned the Patents-in-Suit to BiTMICRO for the purpose of asserting them against others, such as Samsung. BiTMICRO has in fact attempted to enforce the Patents-in-Suit against multiple entities having their principal place of business in this District, including SK hynix America Inc., Samsung Semiconductor, Inc., HP Inc., ASUS Computer International, and Acer America Corp. And BNI is the sole licensee of the Patents-in-Suit. In addition to being a licensee, BNI has an ownership interest in BiTMICRO and

maintains a financial interest in the assertion of the Patents-in-Suit. Moreover, BNI and BiTMICRO work together in the assertion of the Patents-in-Suit. For example, BiTMICRO's legal counsel hired Mr. Rosolowski to act as BNI's Chief Financial Officer to prepare for said assertion. Exhibit C at 10-11 n.8. And BNI provided, and BiTMICRO relied on, testimony and documents to support the ITC investigation against Samsung. *Id*. at 3. Thus, upon information and belief, the activities of BNI in this District are therefore also the activities of BiTMICRO, and BiTMICRO's activities were directed by and done in concert with BNI.

## INTRADISTRICT ASSIGNMENT

20. Pursuant to Civil L.R. 3-2 and 3-5, intradistrict assignment in San Jose is proper because a substantial portion of the alleged infringement occurred in Santa Clara County, California.

## FACTUAL BACKGROUND

21. The '416 Patent, entitled "Parallel Erase Operations in Memory Systems," issued to Ricardo H. Bruce and Rolando H. Bruce, on March 4, 2003, with BNI named as the assignee. The '416 patent was filed on March 27, 2001 and claims priority to a provisional application filed on November 30, 2000. A copy of the '416 Patent is attached to this Complaint as Exhibit D.

22. On information and belief, on June 30, 2017, an assignment was executed purporting to assign the '416 Patent from BNI to BiTMICRO. The '416 Patent assignment was recorded with the U.S. Patent and Trademark Office on September 8, 2017.

23. On information and belief, BiTMICRO purports to be the owner of the '416 Patent, and is listed with the U.S. Patent and Trademark Office as the assignee of record for that patent.

24. BiTMICRO filed an action at the ITC asserting the '416 Patent against Samsung and some of its customers, and alleged that the ITC had jurisdiction over its assertions based on BNI's domestic industry activities with respect to the '416 Patent.

25. The '103 Patent, entitled "Multiple Chip Module and Package Stacking Method for Storage Devices," issued to Rey H. Bruce, Ricardo H. Bruce, Patrick Digamon Bugayong, and Joel Alonzo Baylon, on June 10, 2012, with BNI named as the assignee. The '103 patent was filed on October 18,

2010 and claims priority to an application filed on December 29, 2005, which became the '243 patent. A copy of the '103 Patent is attached to this Complaint as Exhibit E.

26. On information and belief, on June 30, 2017, an assignment was executed purporting to assign the '103 Patent from BNI to BiTMICRO. The '103 Patent assignment was recorded with the U.S. Patent and Trademark Office on September 8, 2017.

27. On information and belief, BiTMICRO purports to be the owner of the '103 Patent, and is listed with the U.S. Patent and Trademark Office as the assignee of record for that patent.

28. BiTMICRO filed an action at the ITC asserting the '103 Patent against Samsung, and alleged that the ITC had jurisdiction over its assertions based on BNI's domestic industry activities with respect to the '103 Patent.

29. The '243 Patent, entitled "Multiple Chip Module and Package Stacking for Storage Devices," issued to Rey Bruce, Ricardo Bruce, Patrick Digamon Bugayong, and Joel Alonzo Baylon, on November 2, 2010, with BNI named as the assignee. The '243 patent was filed on December 29, 2005. A copy of the '243 Patent is attached to this Complaint as Exhibit F.

30. On information and belief, on June 30, 2017, an assignment was executed purporting to assign the '243 Patent from BNI to BiTMICRO. The '243 Patent assignment was recorded with the U.S. Patent and Trademark Office on September 8, 2017.

31. On information and belief, BiTMICRO purports to be the owner of the '243 Patent, and is listed with the U.S. Patent and Trademark Office as the assignee of record for that patent.

32. BiTMICRO filed an action at the ITC asserting the '243 Patent against Samsung and some of its customers, and alleged that the ITC had jurisdiction over its assertions based on BNI's domestic industry activities with respect to the '243 Patent.

33. The '190 Patent entitled "Multi-Profile Memory Controller for Computing Devices," issued to Ricardo H. Bruce, Marlon B. Verdan, Margaret Ann N. Somera, Rowenah Michelle D. Jago-on, Marla Eliza B. DeBelen, and Ron Kelvon B. Palacol on September 15, 2015, with BNI named as the assignee. The '190 patent was filed on September 4, 2010 and claims priority to a provisional application filed September 4, 2009. A copy of the '190 Patent is attached to this Complaint as Exhibit G.

34. On information and belief, on June 30, 2017, an assignment was executed purporting to assign the '190 Patent from BNI to BiTMICRO. The '190 Patent assignment was recorded with the U.S. Patent and Trademark Office on September 8, 2017.

35. On information and belief, BiTMICRO purports to be the owner of the '190 Patent, and is listed with the U.S. Patent and Trademark Office as the assignee of record for that patent.

36. BiTMICRO filed an action at the ITC asserting the '190 Patent against Samsung and some of its customers, and alleged that the ITC had jurisdiction over its assertions based on BNI's domestic industry activities with respect to the '190 Patent.

37. On December 21, 2017, BiTMICRO filed a Complaint under 19 U.S.C. § 1337 at the ITC (*Certain Solid State Storage Devices, Stacked Electronics, and Products Containing Same*, Inv. No. 337-TA-1097). Exhibit A. On January 8, 2018 BiTMICRO filed an Amended Complaint. Exhibit B (collectively, "ITC Complaint"). In its ITC Complaint, BiTMICRO alleges unlawful importation into the United States, sale for importation into the United States, or sale within the United States after importation, of certain solid state storage drives and stacked electronics components, and products containing them, by way of alleged infringement of the '416, '103, '243, and '190 Patents. In addition to Plaintiffs, BiTMICRO named as respondents in its ITC Complaint other solid state storage drive manufacturers and certain customers and downstream users of Samsung products, including SK Hynix Inc., SK Hynix America Inc., Dell Inc., Dell Technologies Inc., Lenovo Group Ltd., Lenovo (United States) Inc., HP Inc., Hewlett Packard Enterprise Co., ASUSTeK Computer Inc., ASUS Computer International, Acer Inc., Acer America Corp., VAIO Corporation, and transcosmos America Inc.

38. On January 26, 2018, the ITC instituted an investigation based on BiTMICRO's December 21, 2017 Complaint and January 8, 2018 Amended Complaint. The Commission further prescribed that an early evidentiary hearing be held to determine whether BiTMICRO satisfied the economic prong of the domestic industry requirement, with an Initial Determination on that issue to be completed within 100 days of the institution date. An evidentiary hearing was held on March 22, 2018 before Administrative Law Judge Dee Lord. On May 11, 2018, the Commission issued an Initial Determination concluding that BiTMICRO had satisfied the economic prong of the domestic industry requirement with respect to the

'416, '103, and '243 Patents.  The Initial Determination further concluded that BiTMICRO failed to satisfy the economic prong of the domestic industry requirement with respect to the '190 Patent, and terminated the '190 Patent from the investigation.

39. Following the issuance of the Initial Determination, BiTMICRO and respondents filed respective Petitions for Review of the Initial Determination, and the Office of Unfair Import Investigations of the ITC similarly filed a Petition for Review.  A decision whether to institute review of the Initial Determination is due 30 days from the date of service of the initial determination, on or about June 12, 2018.

40. BiTMICRO's filing of the ITC Complaint asserting patent infringement, the Commission's institution of an investigation in response to the ITC Complaint, and the Initial Determination maintaining that investigation with respect to the asserted '416, '103, and '243 Patents, establishes that a substantial controversy exists between the parties having adverse legal interests of sufficient immediacy and reality to warrant issuance of a declaratory judgment under 28 U.S.C. § 2201 as to the alleged infringement of the '416, '103, and '243 Patents by Samsung's products.  Further, that BiTMICRO's ITC Complaint also asserted patent infringement of the '190 Patent, and the Initial Determination terminated the investigation with respect to the '190 Patent only due to a lack of domestic industry, which is not a requirement for BiTMICRO to maintain an infringement lawsuit in a Federal District Court, establishes that a substantial controversy exists between the parties having adverse legal interests of sufficient immediacy and reality to warrant issuance of a declaratory judgment under 28 U.S.C. § 2201 as to the alleged infringement of the '190 Patent by Samsung's products.

41. The existence of such a controversy is underscored by BiTMICRO's allegations against Samsung's customers.

## COUNT I
**(Declaratory Judgment of Non-Infringement of U.S. Patent No. 6,529,416)**

42. Plaintiffs incorporate by reference the allegations of paragraphs 1-41 as though fully set forth herein.

43. As a result of the acts described in the foregoing paragraphs, there exists an actual and justiciable controversy of sufficient immediacy and reality to warrant the issuance of a declaratory judgment that Samsung has not infringed and does not infringe any claim of the '416 Patent.

44. BiTMICRO has alleged and continues to allege that products imported, sold for importation, and/or sold within the United States after importation are covered by the '416 Patent, and already has commenced litigation against Samsung regarding this matter.

45. Samsung's products, including the accused solid state drives, have not and do not directly or indirectly infringe, either literally or under the doctrine of equivalents, any claim of the '416 Patent. Further, no third party product that incorporates a Samsung Accused Product infringes or has infringed any claim of the '416 patent, either literally or under the doctrine of equivalents, based on the Samsung Accused Product therein.  Samsung has not caused, directed, requested, or facilitated any such infringement, and has not had any specific intent to do so.

46. For example, and without limitation, every claim of the '416 patent requires detecting a plurality of cache entries to be written to memory, and erasing a portion of memory to accommodate the cache entries.

47. The Accused Products do not infringe the claims of the '416 patent because, at minimum, they do not detect cache entries to be written to memory and do not erase memory to accommodate the cache entries to be written to memory.

48. Similarly, various dependent claims require performing, in parallel, a plurality of erase operations followed by a plurality of sequential write operations.

49. The Accused Products further do not infringe those dependent claims as they do not perform such parallel operations.

50. Samsung is entitled to a judgment declaring that it has not and is not infringing, either directly or indirectly, any claim of the '416 Patent.

## COUNT II
### (Declaratory Judgment of Non-Infringement of U.S. Patent No. 8,093,103)

51. Plaintiffs incorporate by reference the allegations of paragraphs 1-50 as though fully set forth herein.

52. As a result of the acts described in the foregoing paragraphs, there exists an actual and justiciable controversy of sufficient immediacy and reality to warrant the issuance of a declaratory judgment that Samsung has not infringed and does not infringe any claim of the '103 Patent.

53. BiTMICRO has alleged and continues to allege that products imported, sold for importation, and/or sold within the United States after importation are covered by the '103 Patent, and already has commenced litigation against Samsung regarding this matter.

54. Samsung's products, including its DRAM and processor/DRAM packages, have not and do not directly or indirectly infringe, either literally or under the doctrine of equivalents, any claim of the '103 Patent. Further, no third party product that incorporates a Samsung Accused Product infringes or has infringed any claim of the '103 patent, either literally or under the doctrine of equivalents, based on the Samsung Accused Product therein. Samsung has not caused, directed, requested, or facilitated any such infringement, and has not had any specific intent to do so.

55. For example, and without limitation, every claim of the '103 patent requires at least one "active port" and at least one "passive port."

56. The Accused Products do not infringe the claims of the '103 patent at least because, at minimum, they lack the claimed active port and passive port.

57. Further, each claim of the '103 patent requires a control circuit that enables a routing path that connects a first and second serial chain route within an end module.

58. The Accused Products further do not infringe any claim of the '103 patent because they lack, at minimum, both the claimed control circuit and routing path.

59. Samsung is entitled to a judgment declaring that it has not and is not infringing, either directly or indirectly, any claim of the '103 Patent.

## COUNT III
### (Declaratory Judgment of Non-Infringement of U.S. Patent No. 7,826,243)

60. Plaintiffs incorporate by reference the allegations of paragraphs 1-59 as though fully set forth herein.

61. As a result of the acts described in the foregoing paragraphs, there exists an actual and justiciable controversy of sufficient immediacy and reality to warrant the issuance of a declaratory judgment that Samsung has not infringed and does not infringe any claim of the '243 Patent.

62. BiTMICRO has alleged and continues to allege that products imported, sold for importation, and/or sold within the United States after importation are covered by the '243 Patent, and already has commenced litigation against Samsung regarding this matter.

63. Samsung's products, including its DRAM and processor/DRAM packages, have not and do not directly or indirectly infringe, either literally or under the doctrine of equivalents, any claim of the '243 Patent. Further, no third party product that incorporates a Samsung Accused Product infringes or has infringed any claim of the '243 patent, either literally or under the doctrine of equivalents, based on the Samsung Accused Product therein. Samsung has not caused, directed, requested, or facilitated any such infringement, and has not had any specific intent to do so.

64. For example, and without limitation, every claim of the '243 patent requires at least one "active port" and at least one "passive port."

65. The Accused Products do not infringe the claims of the '243 patent at least because, at minimum, they lack the claimed active port and passive port.

66. Further, each claim of the '243 patent requires a control circuit that enables a routing path that connects a first and second serial chain route within an end module.

67. The Accused Products further do not infringe any claim of the '243 patent because, at minimum, they lack both the claimed control circuit and routing path.

68. Samsung is entitled to a judgment declaring that it has not and is not infringing, either directly or indirectly, any claim of the '243 Patent.

### COUNT IV
### (Declaratory Judgment of Non-Infringement of U.S. Patent No. 9,135,190)

69. Plaintiffs incorporate by reference the allegations of paragraphs 1-68 as though fully set forth herein.

70. As a result of the acts described in the foregoing paragraphs, there exists an actual and justiciable controversy of sufficient immediacy and reality to warrant the issuance of a declaratory judgment that Samsung has not infringed and does not infringe any claim of the '190 Patent.

71. BiTMICRO has alleged and continues to allege that products imported, sold for importation, and/or sold within the United States after importation are covered by the '190 Patent, and already has commenced litigation against Samsung regarding this matter.

72. Samsung's products, including its solid state drives, have not and do not directly or indirectly infringe, either literally or under the doctrine of equivalents, any claim of the '190 Patent. Further, no third party product that incorporates a Samsung Accused Product infringes or has infringed any claim of the '190 patent, either literally or under the doctrine of equivalents, based on the Samsung Accused Product therein. Samsung have not caused, directed, requested, or facilitated any such infringement, and has not had any specific intent to do so.

73. For instance, and without limitation, every claim of the '190 patent requires a device profile optimal for a data type subject to the memory transaction.

74. The Accused Products do not infringe the claims of the '190 patent because, at minimum, they lack such a device profile.

75. Further, every claim of the '190 patent requires selecting or using a transfer size for the transaction as a function of a device profile's attributes.

76. The Accused Products do not infringe the claims of the '190 patent because, at minimum, they do not select or use a transfer size as a function of a device profile's attributes.

77. Samsung is entitled to a judgment declaring that it has not and is not infringing, either directly or indirectly, any claim of the '190 Patent.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiffs respectfully pray for entry of judgment as follows:

A. A declaration that Samsung has not infringed, and does not infringe, either directly or indirectly, any claim of the Patents-in-Suit, either literally or under the doctrine of equivalents;

COMPLAINT FOR DECLARATORY JUDGMENT    CASE NO. 5:18-cv-3502
13

B. A permanent injunction enjoining BiTMICRO and all those acting through, for, or in concert with it, directly or indirectly, from asserting the Patents-in-Suit against any third party based on incorporation of a Samsung Accused Products into a third party's product;

C. An order declaring that Samsung is the prevailing party and that this case is an exceptional case under 35 U.S.C. § 285, and awarding Samsung its costs, expenses, and reasonable attorneys' fees under 35 U.S.C. § 285 and all other applicable statutes, rules and common law, including this Court's inherent authority; and

D. Any other equitable and/or legal relief as this Court deems just and proper.

## DEMAND FOR JURY TRIAL

78. Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Samsung demands a trial by jury on any and all issues for which a trial by jury is available under applicable law.

| | |
|---|---|
| DATED: June 12, 2018 | Respectfully submitted, |
| | */s/ Gregory S. Arovas*<br>KIRKLAND & ELLIS LLP<br>Paul F. Brinkman, P.C. (*pro hac vice* to be filed)<br>Edward C. Donovan, P.C. (*pro hac vice* to be filed)<br>F. Christopher Mizzo, P.C. (*pro hac vice* to be filed)<br>Nathan S. Mammen (*pro hac vice* to be filed)<br>Craig T. Murray (*pro hac vice* to be filed)<br>655 Fifteenth Street, N.W.<br>Washington, D.C. 20005<br>Telephone: (202) 879-5000<br>Facsimile: (202) 829-5200<br>paul.brinkman@kirkland.com<br>edonovan@kirkland.com<br>chris.mizzo@kirkland.com<br>nmammen@kirkland.com<br>craig.murray@kirkland.com<br><br>KIRKLAND & ELLIS LLP<br>Gregory S. Arovas (*pro hac vice* pending)<br>601 Lexington Avenue<br>New York, NY 10022<br>Telephone: (212) 446-4800<br>Facsimile: (212) 446-4900<br>greg.arovas@kirkland.com<br><br>KIRKLAND & ELLIS LLP<br>Lien Dang (SBN 254221)<br>3330 Hillview Avenue<br>Palo Alto, CA 94304<br>Telephone: (650) 859-7016<br>Facsimile: (650) 859-7500<br>lien.dang@kirkland.com<br><br>*Attorneys for Plaintiffs*<br>SAMSUNG SEMICONDUCTOR, INC.,<br>SAMSUNG ELECTRONICS CO., LTD.,<br>AND SAMSUNG ELECTRONICS<br>AMERICA, INC. |